# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 25, 2012

8/November 2011

142117-8

CHARTER TOWNSHIP OF HARING,
      Plaintiff-Appellant,

v

CITY OF CADILLAC,
      Defendant-Appellee.
_____/

TOWNSHIP OF SELMA,
      Plaintiff-Appellant,

and

TOWNSHIP OF CLAM LAKE,
      Plaintiff,

v

CITY OF CADILLAC,
      Defendant-Appellee.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142117
COA: 292122
Wexford CC: 08-020967-CK

SC: 142118
COA: 292164
Wexford CC: 08-021381-CK

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM the October 12, 2010 judgment of the Court of Appeals. Although courts are not bound by the parties' determination that a case is ripe, we agree with the parties that considering all of the circumstances this case is ripe for adjudication and that the claims are not contingent or hypothetical.

The grant of leave to appeal also asked the parties to address whether *Washtenaw County Health Dep't v T&M Chevrolet, Inc*, 406 Mich 518 (1979), which held that when "an available sewer line crosses municipal boundaries, the municipality operating the

sewer system may not condition connection on annexation of the properties involved when connection means abatement of a public health hazard[,]" *id.* at 525-526, was correctly decided and, if so, whether it requires the defendant to continue providing sewage transportation and treatment services to the plaintiff townships. However, because there is no "public health hazard" requiring abatement presented in this case, the issue is not directly before the Court at this time and need not be decided.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 25, 2012

Clerk

t0118